**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

GEORGE AYDELOTTE
ADC #124433                                                                                          PETITIONER

VS.                                           5:07CV00107 WRW/JTR

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                     RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I.  Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, George Aydelotte. (Docket entry #2.) Respondent has filed a Response, (docket entry #5), to which Petitioner has filed a Reply. (Docket entry #7.) Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On July 31, 2002, a Conway County jury convicted Petitioner of two counts of manufacture of methamphetamine, use of a communication facility, and simultaneous possession of drugs and firearms. (Trial Tr. 695-96.) Petitioner received an aggregate 240-month sentence in the Arkansas Department of Correction. *Id.*

Petitioner appealed his conviction to the Arkansas Court of Appeals, where he argued: (1) that the trial court erred in denying his motion to suppress evidence; and (2) insufficiency of the

evidence. On February 11, 2004, the Arkansas Court of Appeals affirmed. *Aydelotte v. State*, 85 Ark. App. 67, 146 S.W.3d 392 (2004).

On March 31, 2004, Petitioner filed a Rule 37 Petition in Conway County Circuit Court, raising seven ineffective assistance of counsel claims. (Rule 37 I Tr. 13-20.) On May 7, 2004, Petitioner filed an Amended Petition, raising three additional ineffective assistance of counsel claims. (Rule 37 I Tr. 21-25.) On May 20, 2004, the Conway County Circuit Court entered an Order denying Rule 37 relief. (Rule 37 I Tr. 26.) Petitioner appealed the denial of Rule 37 relief to the Arkansas Supreme Court. On November 10, 2005, it affirmed, and on November 29, 2005, the mandate issued. *Aydelotte v. State*, 2005 WL 3008619 (Ark. Nov. 10, 2005) (unpublished *per curiam*).

On April 24, 2006, Petitioner filed a second Rule 37 Petition in Conway County Circuit Court, raising additional ineffective assistance of counsel claims. (Rule 37 II Tr. 1-8.) On June 19, 2006, the Conway County Circuit Court entered an Order denying the second Rule 37 Petition on the ground that it lacked subject-matter jurisdiction, because the second Rule 37 Petition was not timely filed. *Id.* (Rule 37 II Tr. 32-33.)

Petitioner appealed the second denial of Rule 37 relief to the Arkansas Supreme Court. On March 22, 2007, it affirmed. *Aydelotte v. State*, 2007 WL 853830 (Ark. Mar. 22, 2007) (unpublished *per curiam*). The Court held that: (1) Petitioner was procedurally barred from proceeding under Rule 37 because he had not been granted leave to file a second petition; and (2) regardless of whether the second Rule 37 Petition was barred as successive, the Conway County Circuit Court lacked subject-matter jurisdiction because the April 24, 2006 Petition was untimely:

> Moreover, even if the petition had been the first such petition filed by appellant, the trial court was without jurisdiction to grant relief. Petitions under Rule 37.1 must [be] filed in the trial court within sixty days of the date the appellate court mandate was issued. Ark. R.Crim. P. 37.2. The time limits set out in Rule 37.2 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

*Aydelotte v. State*, 2007 WL 853830 at *1.

In this federal habeas action, which Petitioner filed on May 15, 2007, he argues that: (1) the search warrant was not supported by probable cause; (2) the search warrant was issued based on false information in the supporting affidavit; (3) the sentence-enhancement provision of Ark. Code Ann. § 5-64-418 is unconstitutionally vague; and (4) he received ineffective assistance of counsel. (Docket entry #2.) Respondent argues that all of Petitioner's claims are barred by the statute of limitations, or, alternatively, Petitioner is in procedural default on all of his claims. (Docket entry #5.)

For the reasons discussed below, the Court concludes that Petitioner's habeas claims are barred by the applicable statute of limitations. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A) "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing

a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

On February 11, 2004, the Arkansas Court of Appeals affirmed Petitioner's conviction, on direct appeal, and he elected not to petition the United States Supreme Court for certiorari review. Thus, Respondent argues that AEDPA's one-year statute of limitations began to run ninety days later, on May 11, 2004, and expired on May 11, 2005.[1]

Petitioner signed his federal habeas Petition on May 10, 2007, and filed it on May 17, 2007. (Docket entry #2.) Even if Petitioner placed the Petition in the prison mail system on May 10, 2007, it still was untimely by approximately two years.[2]

Importantly, AEDPA also provides that the one-year limitations period is tolled while a "properly filed"application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

---

[1] Unlike in a number of other habeas cases in this district, Respondent does *not* argue that, because the Arkansas Court of Appeals is not a court of "last resort" from which certiorari to the United States Supreme Court is available, Petitioner is not entitled to the extra ninety days in which he *could have* petitioned the United States Supreme Court for certiorari. Thus, for purposes of the Court's analysis, it will use Respondent's calculation, which inures to Petitioner's benefit.

[2] The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, 523 F.3d 850 (8th Cir. 2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

Respondent does not dispute that Petitioner's first Rule 37 Petition was "properly filed" for purposes of statutory tolling.  Thus, Petitioner is entitled to statutory tolling for the entire block of time between the filing of the first Rule 37 Petition, on March 31, 2004, and the date the Arkansas Supreme Court issued its mandate on November 29, 2005, denying his request for Rule 37 relief. After accounting for this period of statutory tolling, the one-year limitations period would have begun running *after* the disposition of Petitioner's first Rule 37 appeal, on November 29, 2005, and would have expired one year later on November 29, 2006.   With the benefit of this tolling, the habeas Petition is untimely by approximately five months.

With respect to the block of time between the filing of Petitioner's second Rule 37 Petition and the disposition of his second Rule 37 appeal, Respondent argues that Petitioner is not entitled to statutory tolling because the second Rule 37 Petition was rejected in state court as untimely.  The United States Supreme Court has explicitly held that, if a state court has rejected a petition for post-conviction relief as untimely, it is *not* "properly filed," and the petitioner is *not* entitled to statutory tolling under § 2244(d)(2). *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005); *see also Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) ("Because the Arkansas Supreme Court affirmed and found [petitioner's] Rule 37 petition invalid, 'that is the end of the matter'" regarding whether it was properly filed under § 2244) (quoting *Pace*).  Because the Arkansas Supreme Court found that Petitioner's second Rule 37 Petition was untimely, this Court concludes that Petitioner is *not* entitled to statutory tolling for the block of time between the filing of the second Rule 37 Petition and the disposition of Petitioner's second Rule 37 appeal.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable.  *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999).

Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that equitable tolling is warranted because his trial lawyer did not provide him with a copy of the trial transcript until after his first Rule 37 Petition had been denied. Petitioner reasons that he was effectively forced to file a second Rule 37 Petition because he was not aware of all the grounds for postconviction relief that were available to him. While Petitioner's argument addresses why he did not raise all of his claims in his first Rule 37 Petition, it does *not* explain why he did not timely file his federal habeas Petition within a year after the decision in his first Rule 37 appeal. Moreover, Petitioner's allegations do not constitute the sort of "serious attorney misconduct" necessary to support an equitable tolling claim.[3]   After carefully reviewing the circumstances of

---

[3] Ineffective assistance of counsel, when it due to an attorney's negligence or mistake, is not generally considered an extraordinary circumstance for purposes of equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (post-conviction counsel's representation to prisoner that he was "trying to get appointed" for representation, without telling prisoner he was actually preparing a post-conviction motion, was insufficient to establish equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling).

That said, "serious attorney misconduct," as opposed to mere negligence, may warrant equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citing *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *cf. Rouse v. Lee*, 339 F.3d 238, 250 n. 14 (4th Cir. 2003) (equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *but see Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir.2003) (rejecting attorney

Petitioner's case, the Court concludes that Petitioner has not met his burden to establish equitable tolling.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket entry #2) be DENIED, and that the case be DISMISSED, WITH PREJUDICE.

Dated this 6th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

misconduct as a basis for equitable tolling because such conduct is "attributable to the client").